```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GREGORY MANGO,                                              REPORT AND
                    Plaintiff,                              RECOMMENDATION
         against –
NORTHSIDE MEDIA GROUP, LLC,                                 18-CV-5504 (ENV) (JO)
                    Defendant.
-------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

      Plaintiff Gregory Mango ("Mango") has accused defendant Northside Media Group LLC ("Northside") of copyright infringement arising from the publication on Northside's web site of one photograph for which Mango holds the copyright. *See* Docket Entry ("DE") 1 (Complaint). Northside never responded, and Mango now seeks a default judgment. *See* DE 10. Upon a referral from the Honorable Eric N. Vitaliano, United States District Judge, I now make this report and, for the reasons set forth below, respectfully recommend that the court enter a default judgment against Northside in the amount of $650, including $250 in actual damages and $400 in costs.

I.    <u>Background</u>

      The following factual recitation draws on the Complaint's non-conclusory allegations. *See* Fed. R. Civ. P. 8(b)(6); *Finkel v. Romanowicz*, 577 F.3d 79, 81 n.1 (2d Cir. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.LU.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Mango is a professional photographer who registered for copyright one photograph of New York City Mayor Bill De Blasio receiving an alarm clock. *See* Complaint ¶¶ 7-9. Northside owns and operates the Brooklyn Magazine web site at www.bkmag.com. *See id.* ¶ 6. On November 14, 2014, Northside published an article on the site that featured Mango's image. *See id.* ¶ 10. Northside credited Mango as the photographer in its publication but did not have a license or permission to publish the image. *See id.* ¶ 11 & Ex. C.

      Mango filed the Complaint on October 1, 2018, asserting a single claim of copyright infringement. *See id.* ¶¶ 12-16; 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). Mango effectively served

1

process on Northside on October 12, 2018. *See* DE 6. Northside never responded. At Mango's request, the Clerk entered Northside's default on December 21, 2018. *See* DE 7; DE 9. Mango filed the instant motion on February 5, 2019. *See* DE 10. The court referred the motion to me by order dated February 6, 2019. That same day, I entered an order affording both parties a final opportunity to file supplemental papers. Mango submitted an affidavit that included a summary of licensing fees he had negotiated between 2005 and 2013. *See* DE 13 ("Mango Aff.") Ex. A. Northside submitted nothing.

II.   Discussion

  A.   Default

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint except those pertaining to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see Finkel*, 577 F.3d at 83 n.6 (citing *Greyhound Exhibitgroup*, 973 F.2d at 158). A default neither establishes conclusory allegations nor excuses any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. *See, e.g., Finkel*, 577 F.3d at 84; *Greyhound Exhibitgroup*, 973 F.2d at 159. Accordingly, before considering the issue of damages, I first examine whether the Complaint successfully states a claim for relief.

  B.   Liability

To prevail on his Copyright Act claim, Mango must demonstrate that he owns a valid copyright and that copied elements of the work were original. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 139 (2d Cir. 1992). Courts may take judicial notice of copyright registrations as published in the Copyright Office's registry. *See Papazian v. Sony Music Entm't*, 2017 WL 4339662, at *6 n.6 (S.D.N.Y Sept. 28, 2017) (citing *Island*

2

*Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005)). Mango submitted a copy of the pertinent certificate of registration. Complaint, Ex. B ("Registration"). On a motion for a default judgment, that "is sufficient to establish [the copyright's] validity." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019) (report and recommendation), *adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019). Mango alleged that he never authorized Northside to publish his photograph. Complaint ¶ 11. Northside's default admits these allegations, and they suffice to establish its liability for copyright infringement.

    C.    Relief

        1.    Damages

Northside's default does not relieve Mango of his burden of proving damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Mango seeks an award of actual and punitive damages. DE 11 ("Memo.") ¶ 12. The Copyright Act provides that a copyright owner may recover "actual damages suffered … as a result of the infringement, and any profits of the infringer that are attributable to the infringement[.]" 17 U.S.C. § 504(b). "Although the Act itself does not define what constitutes actual damages, the primary measure of recovery is the extent to which the market value of the copyrighted work at the time of the infringement has been injured or destroyed by the infringement." *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1118 (2d Cir. 1986).

In support of his request for actual damages, Mango provides a copy of a summary of the licensing fees for his photographs from 2005-2018, which shows he licensed photographs for fees ranging from $250 to $2,500 and cites to a finding in a prior case in another district noting that he had previously negotiated licensing fees ranging from $250 to $750 per photograph. *See* Mango Aff. Ex. A; Memo. ¶ 14. Mango's lack of precision about his actual damages is no bar to recovery, *see*

3

*Super Express USA Publ'g Corp. v. Spring Publ'g Corp.*, 2018 WL 2093504, at *5 (E.D.N.Y. Feb. 23, 2018) (citing *On Davis v. The Gap, Inc.*, 246 F.3d 152, 167 (2d Cir. 2001) ("[S]ome difficulty in quantifying the damages attributable to infringement should not bar recovery.")). But he has not established with reasonable certainty any actual damages beyond the minimum fee of $250 that suffices to license at least some of his photographs.[1] I therefore respectfully recommend that the court award Mango $250 in actual damages.

I respectfully recommend against an award of punitive damages. Mango is correct that applicable law does not categorically foreclose such an award. *See* Memo. ¶ 16 (quoting *TVT Records v. Island Def Jam Music Grp.*, 262 F. Supp. 2d 185, 187 (S.D.N.Y. 2003)). "As a general rule," however, "punitive damages are not awarded in a statutory copyright infringement action." *On Davis*, 246 F.3d at 172. Instead, courts achieve the legislative goal of punishing and preventing malicious infringing conduct by applying the Copyright Act's damages provision to award greater statutory damages to a plaintiff who demonstrates a willful violation. *See id.* (citing, *inter alia*, 17 U.S.C. § 504(c)(2)). As in *On Davis*, the question of punitive damages "need not detain [the court] long" because Mango has failed to show any evidence of willfulness on Northside's part. *Id.*

2. Attorney's Fees

Mango seeks a fee award of $4,250 for his counsel's ten hours of claimed work at an hourly rate of $425. *See* Memo. ¶¶ 13, 20; 17 U.S.C. § 505. However, applicable law precludes such an award where, as here, the infringement occurs after the work's first publication and more than three months before copyright registration. *See On Davis*, 246 F.3d at 158 n.1 (quoting 17 U.S.C. § 412)); *see also Renna v. Queens Ledger/Greenpoint Star Inc.*, 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019)

---

[1] Mango could plainly have provided more information had he wished to do so. For example, as discussed below, Mango apparently permitted the *New York Post* a license to publish the same photograph at issue here. It seems likely that Mango knows, and could have established, the licensing fee (if any) he charged the *New York Post* to publish the image.

4

(report and recommendation), *adopted*, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019); *Millennium TGA, Inc. v. Leon*, 2013 WL 5719079, at *9 (E.D.N.Y. Oct. 18, 2013); *Close–Up Int'l, Inc. v. Berov,* 2007 WL 4053682, at *1 (E.D.N.Y. Nov. 13, 2007). The record establishes that Northside's infringement occurred on November 14, 2014, after the *New York Post* had previously published a similar article with Mango's photograph,[2] and that Mango registered the copyright more than three months later, on April 20, 2018. *See* Complaint Ex. C; *id.* Ex. B at 1. I therefore respectfully recommend that the court deny Mango's request for an award of fees.

    3.    <u>Costs</u>

Mango seeks an award of $645 in costs. *See* Memo. ¶¶ 13, 20. The Copyright Act provides for the reimbursement of costs. *See* 17 U.S.C. § 505.[3] The docket conclusively establishes that Mango paid the $400 filing fee he claims. *See* DE 1; Memo. ¶ 20. However, Mango has provided no documentation for his claim that he paid a personal service fee of $90 on October 4, 2018, and another personal service fee of $155 a week later. *See* Memo. ¶ 20. In that regard, I note that the docket reveals that Mango served process only once: the affidavit of service dated October 16, 2018, reveals that Mango effected service on the corporate defendant on October 12, 2018, and does not reveal the amount paid to the server. I therefore respectfully recommend an award of $400 in costs.

    4.    <u>Pre-judgment Interest</u>

Mango initially sought pre-judgment interest. *See* Complaint at 4 (Prayer for Relief ¶ 6). However, he abandoned that request by not including it in the papers he submitted to support the

---

[2] The online version of the *Post* article includes Mango's image and, like Northstar's article, credits him as the photographer. *See* Amber Sutherland, et al., *The Post gives perennially late de Blasio an alarm clock*, N.Y. Post, Nov. 14, 2014, https://nypost.com/2014/11/14/the-post-gives-perennially-late-de-blasio-an-alarm-clock/ (accessed on August 6, 2019).

[3] Section 412 of the Copyright Act prohibits an award of "statutory damages or of attorney's fees, as provided by sections 504 and 505" under the circumstances of this case but does not similarly preclude an award of actual damages or costs.

5

instant motion. *See Travelers Indem. Co. v. Liberty Med. Imaging Assocs., P.C.*, 2009 WL 962789, at *7 (E.D.N.Y. Mar. 15, 2009) (declining to award damages where the party failed to pursue the damages after the initial Complaint).

III.  Recommendation

For the reasons set forth above, I respectfully recommend that the court enter a default judgment against the defendant in the amount of $650, including $250 in actual damages and $400 in costs.

IV.  Objections

I respectfully direct the plaintiff to serve a copy of this Report and Recommendation on the defendant by certified mail, and to file proof of service by August 9, 2019. Any objections to this Report and Recommendation are due by August 20, 2019. Failure to file objections within the period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
August 6, 2019

_____/s/_____
James Orenstein
U.S. Magistrate Judge