UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GREGORY MANGO,

          Plaintiff,

  -against-

NORTHSIDE MEDIA GROUP, LLC,

          Defendant.
------------------------------------------------------------------ x

ORDER

18-cv-5504 (ENV) (JO)

VITALIANO, D.J.

  Plaintiff Gregory Mango filed this action, on October 1, 2018, against defendant Northside Media Group, LLC ("Northside"), bringing a single claim of copyright infringement for the unauthorized use of a photograph of New York City Mayor William de Blasio receiving an alarm clock. Dkt. 1. Although, as the docket indicates, Northside was properly served with process, it has failed to appear, and Mango has moved for a default judgment. *See* Dkt. 10. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the motion was referred to Magistrate Judge James Orenstein for a Report & Recommendation ("R&R"). *See* Order Referring Motion, dated Feb. 6, 2019.

  On August 6, 2019, Judge Orenstein issued his R&R, *see* Dkt. 14, recommending that the Court enter a default judgment against Northside in the amount of $650, including $250 in actual damages and $400 in costs. R&R at 1. Mango sought $5000 in actual damages, including $4250 in attorney's fees and $645 in costs. Dkt. 10 at 1. Judge Orenstein, acknowledging that the record contained sufficient factual support showing that Northside was liable for copyright infringement, went on to determine that Mango, at inquest, did not establish "with reasonable certainty any actual damages beyond the minimum fee of $250 that suffices to license at least some of [Mango's] photographs." R&R at 4. Mango's failure to provide such information was

1

particularly stark in light of the fact that he could easily have done so, such as by showing the "licensing fee (if any) he charged the *New York Post*" to publish the very same photograph. *Id.* at 4 n.1. Judge Orenstein also found that the circumstances here did not overcome the presumption against punitive damages in copyright actions. *Id.* at 4.

Next, Judge Orenstein observed that "applicable law precludes" an award of attorney's fees when, "as here, the infringement occurs after the work's publication and more than three months before copyright registration." *Id.* Finally, because the docket "conclusively establishes" that Mango incurred $400 in costs to file the complaint but does not document the $245 in claimed service fees, Judge Orenstein recommended that Mango be awarded only $400 in costs.[1]

Notice of time to object to the R&R was given. *See* R&R at 7. Neither party filed any objections within the prescribed time to do so.[2]

## Discussion

Where no party has objected to a magistrate judge's report and recommendation, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

## Conclusion

For the foregoing reasons, the R&R is adopted, in its entirety, as the opinion of the Court.

---

[1] Although Mango also originally sought pre-judgment interest, he later "abandoned that request." *Id.* at 5.

[2] The record reflects that Northside was served with a copy of the R&R on August 21, 2019, Dkt. 15, in response to an order issued by Judge Orenstein, after Mango failed to comply with the R&R's direction to file proof of service by August 9, 2019.

2

Mango is awarded a default judgment against Northside in the amount of $650, including $250 in actual damages and $400 in costs.

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this Order to defendant and to close this case.

So Ordered.

Dated: Brooklyn, New York
September 6, 2019

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge